UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry James Tyler, | ) | C/A No.: 4:17-404-MGL-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Richard Jones, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action filed by the Plaintiff, Larry James Tyler, pro se, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is detained at the Darlington County Detention Center, where he appears to be awaiting civil commitment proceedings pursuant to the South Carolina Sexually Violent Predator Act, S.C. Code Ann. §§ 44-48-10 through 44-48-170. See Complaint, ECF No. 1 at 5.

The Complaint is before the Court for pre-service review. See 28 U.S.C. § 1915(e)(2)(B); In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir.1997)[pleadings by non-prisoners should also be screened]. Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of § 1915, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case

1

upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. 319. Further, while this Court is also required to liberally construe pro se documents, holding them to a less stringent standard than those drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## Discussion

Plaintiff alleges that Richard Jones, a public defender for Darlington County at the time of the alleged incidents, violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Complaint, ECF No. 1 at 4. Plaintiff contends that he was arrested and served with a warrant that contained false information on September 24, 2011. Specifically, Plaintiff alleges that police officer Eric Hodges lied to obtain the arrest warrant by stating that Plaintiff had shown a nude picture of Plaintiff (on Plaintiff's cell phone) to minors when Plaintiff actually had a pair of swim shorts on in the photograph. Defendant Jones was appointed as Plaintiff's attorney a couple of weeks after Plaintiff's arrest. Plaintiff complains that the Defendant agreed with Darlington County officers to support the false warrant, search and seizure warrants, and criminal charges, and did nothing to fight



2

the false statements Hodges allegedly made to the Darlington County Grand Jury. Plaintiff also asserts that the Defendant "did nothing in the face of the evidence that the photos show [Plaintiff] wearing swim shorts and no nudity." He contends that the Defendant should have asked that the charges against him be dismissed, but failed to do so and instead conspired with police, prosecutors, the judge, and his public defenders to make sure Plaintiff was convicted. ECF No. 1 at 6-9. Plaintiff lists his injuries as "equal protection, conspiracy, obstruction of justice, loss of liberty, los[t] wages, loss of medical care for chronic migraine pain, loss of family relations, loss of property over $3,000, personal humiliation, mental anguish, [and] injuries to the quality of [his] life." ECF No. 1 at 10. He requests declaratory and injunctive relief, as well as monetary damages. Id. at 11-13.

This action is subject to summary dismissal because the Defendant, a public defender who represented Plaintiff in his criminal proceedings, is not a state actor under § 1983, as an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law.[1] See Vermont v. Brillon, 556 U.S. 81, 91 (2009) [noting that a publicly assigned or privately retained counsel for a criminal defendant is not ordinarily considered a state actor]; Polk Cnty. v. Dodson, 454 U.S. 312, 317-324 nn. 8-16 (1981)["A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."]; Hall v. Quillen, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir. 1980)[court-appointed attorney]; Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)[private attorney]. Therefore, Plaintiff may not maintain this action in this Court against this Defendant.

---

[1] In order to state a cause of action under § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state or [federal] law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also 42 U.S.C. § 1983; Monroe v. Pape, 365 U.S. 167 (1961).



Further, even if Jones *was* a proper party Defendant, Plaintiff's case also suffers from additional infirmities. With respect to Plaintiff's claim for conspiracy, he appears to allege that the Defendant conspired with prosecutors, another public defender, police officers, and a judge to obtain Plaintiff's conviction. However, to establish a civil conspiracy under § 1983, a Plaintiff must present evidence that the Defendants acted jointly in concert, and that some overt act was done in furtherance of the conspiracy which resulted in the deprivation of a constitutional right. Glassman v. Arlington Cnty., 628 F.3d 140 (2010)(citing Hinkle v. City of Clarksburg, 81 F.3d 416 (4th Cir.1996)). As such, at this stage of review Plaintiff's factual allegations must reasonably lead to the inference that the Defendant came to a mutual understanding with others to try to "accomplish a common and unlawful plan." Id. His allegations must do more than simply set forth "rank speculation and conjecture," especially when the actions alleged are capable of innocent interpretation. Id. at 422. Here, however, Plaintiff offers only conclusory and unsupported allegations that there was an agreement or meeting of the minds between the Defendant and others for an improper purpose. There are no actual "facts" presented in Plaintiff's allegations to support such a claim; indeed, Plaintiff has only named one defendant. Plaintiff's conclusory allegations are not sufficient to state a claim for civil conspiracy, and this claim is therefore subject to summary dismissal. See generally Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003)[conclusory allegations of conspiracy between private attorney and state officer insufficient to support § 1983 claim].

Additionally, Plaintiff's claim for malicious prosecution/denial of due process are subject to summary dismissal based on the United States Supreme Court's decision in Heck v.

4

Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence at issue, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487. Here, to the extent that Plaintiff is challenging his state court conviction(s), since he has not alleged a favorable termination, any claim that the Defendant maliciously prosecuted him is barred by Heck and must be dismissed. See Lambert v. Williams, 223 F.3d 257, 260–261 (4th Cir. 2000)[claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir. 1996)[Claim for malicious prosecution does "not accrue until a favorable termination is obtained."]; Roesch v. Otarola, 980 F.2d 850, 853–854 (2d Cir. 1992)[holding that requirement that a plaintiff receive favorable termination applies to claims of false arrest, false imprisonment, and malicious prosecution].

Further, Plaintiff also appears to be requesting relief that would result in his being released from custody. However, any such relief may only be obtained in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983]. In Heck, the Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983. Heck, 512 U.S. at 481 [stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement



5

and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"]. Therefore, if Plaintiff wishes to challenge the duration of his confinement, he will need to obtain habeas forms from the Clerk of Court and file a separate action, after he has fully exhausted his state court remedies.

### Recommendation

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

March 17, 2017
Charleston, South Carolina



6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

